ORIGINAL

FW 400005473

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF TEXAS, DIVISION

| | | |
|---|---|---|
| TRX Dynasty Express Trust | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4-25CV1458-O |
| | § | |
| Prestige Default Services, LLC; Barclays Bank PLC (Trustee of LB-Dwelling Series VI Trust); Wilmington Trust, N.A. (Trustee of MFRA Trust 2015-1); Meridian Asset Services, LLC; ServiceMac LLC; Resolve Trustee Services L.L.C.; Auction.com and Individual Auctioneers, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF TRX DYNASTY EXPRESS TRUST'S ORIGINAL PETITION

Plaintiff TRX Dynasty Express Trust, by and through its Representative and Trustees, brings this action against Defendants Prestige Default Services, LLC, Barclays Bank PLC, Wilmington Trust, N.A., Meridian Asset Services, LLC, ServiceMac LLC, Resolve Trustee Services L.L.C., and Auction.com and Individual Auctioneers, and for causes of action would respectfully show the Court the following:

# PARTIES

1. Plaintiff TRX Dynasty Express Trust ("Plaintiff") is a trust and the owner of the real property located at 5981 Hudson Sail Circle, Fort Worth, Tarrant County, Texas 76179. The principal business office or address of Plaintiff is 5981 Hudson Sail Circle, Fort Worth, Tarrant County, Texas 76179. The last three digits of Plaintiff's driver's license number and social security number are not applicable as Plaintiff is not a natural person. Plaintiff may be served with process at its principal business office or wherever it may be found.

2. Upon information and belief, Defendant Prestige Default Services, LLC ("Prestige") is a limited liability company with its principal business office located at 16801 Addison Road, Suite 350, Addison, Dallas County, Texas 75001. Prestige may be served with process at its principal business office or by and through its registered agent at the same address.

3. Upon information and belief, Defendant Barclays Bank PLC ("Barclays") is a public limited company organized under the laws of the United Kingdom, with a principal business office located at 745 Seventh Avenue, New York, New York 10019. Barclays may be served with process at its principal business office.

4. Upon information and belief, Defendant Wilmington Trust, N.A. ("Wilmington Trust") is a national banking association with a principal business office located at 1100 North Market Street, Wilmington, Delaware 19890. Wilmington Trust may be served with process at its principal business office.

5. Upon information and belief, Defendant Meridian Asset Services, LLC ("Meridian") is a limited liability company with a principal business office located at 140 Fountain Parkway N, Suite 100, St. Petersburg, Florida 33716. Meridian may be served with process at its principal business office.

6. Upon information and belief, Defendant ServiceMac LLC ("ServiceMac") is a limited liability company. The principal business office of ServiceMac is unknown at this time and will be provided when ascertained. ServiceMac may be served with process at its principal business office or wherever it may be found.

7. Upon information and belief, Defendant Resolve Trustee Services L.L.C. ("Resolve") is a limited liability company. The principal business office of Resolve is unknown at this time and will be provided when ascertained. Resolve may be served with process at its principal business office or wherever it may be found.

8. Upon information and belief, Defendant Auction.com and Individual Auctioneers ("Auction.com") is an entity or group of individuals whose principal business office or addresses are unknown at this time and will be provided when ascertained. Auction.com may be served with process at its principal business office or wherever its individual auctioneers may be found.

9. Prestige, Barclays, Wilmington Trust, Meridian, ServiceMac, Resolve, and Auction.com, collectively, are hereinafter referred to as "Defendants."

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this case because Plaintiff seeks monetary relief over $1,000,000, including compensatory damages of $1,440,000, punitive damages of $4,320,000, attorney fees ranging from $100,000 to $500,000, and emotional distress damages between $250,000 and $1,000,000, as well as statutory damages under federal and state law. The damages sought are within the jurisdictional limits of this Court.

11. This Court has personal jurisdiction over Defendants because, as more specifically alleged below, Defendants have engaged in acts and omissions in Texas, including the preparation, execution, and recording of mortgage and assignment documents, the servicing and attempted foreclosure of real property located in Tarrant County, Texas, and the making of representations and claims regarding ownership and authority over the subject property and loan, all of which give rise to Plaintiff's claims.

12. Venue is proper in Tarrant County, Texas, under Texas Civil Practice & Remedies Code § 15.011 because this action concerns the recovery of real property, removal of encumbrances, quiet title, and prevention of foreclosure with respect to real property located at 5981 Hudson Sail Circle, Fort Worth, Tarrant County, Texas 76179. All or a substantial part of the events or omissions giving rise to the claims occurred in Tarrant County, and all relevant instruments were recorded in the Official Public Records of Tarrant County, Texas.

13. Furthermore, because venue is proper with respect to at least one Defendant, venue for this action with respect to all Defendants is proper under § 15.005 of the Texas Civil Practice and Remedies Code.

## STATEMENT OF FACTS

14. On September 4, 2024, a mortgage loan in the amount of $1,440,000 was originated for the property located at 5981 Hudson Sail Circle, Fort Worth, Texas 76179.

15. The lender for the loan was Citadel Servicing Corporation dba Acra Lending.

16. The original deed of trust for the property was recorded on September 5, 2024, as Instrument No. D224159110 in the Official Public Records of Tarrant County, Texas.

17. The deed of trust designated Mortgage Electronic Registration Systems, Inc. ("MERS") as both a nominee for the lender and as the beneficiary under the security instrument.

18. The deed of trust stated that MERS was acting solely as a nominee for the lender and lender's successors and assigns, and also as the beneficiary under the security instrument.

19. On October 2, 2024, the property was transferred to Plaintiff.

20. On or about October 8, 2024, Plaintiff received a servicing transfer notice identifying Wilmington Trust, N.A., solely as trustee of MFRA Trust 2015-1, as the new owner of the loan.

21. The servicing transfer notice stated that Citadel Servicing Corporation dba Acra Lending would remain the servicer of the loan during the transfer of ownership.

22. The servicing transfer notice did not provide documentation of a recorded assignment transferring the loan to MFRA Trust 2015-1.

23. No recorded assignment was provided to Plaintiff documenting the transfer of the loan to MFRA Trust 2015-1.

24. On February 6, 2025, an assignment of the deed of trust was recorded as Instrument No. D225020216 in Tarrant County, Texas.

25. The February 6, 2025 assignment purported to transfer the deed of trust from MERS, acting solely as nominee for the original lender, to Citadel Servicing Corporation.

26. The February 6, 2025 assignment was signed by Amy Colvin, Vice President, and notarized by Katie Olson in Idaho on February 5, 2025.

27. The February 6, 2025 assignment did not reference or transfer the promissory note associated with the deed of trust.

28. No endorsement of the promissory note or allonge was attached to the February 6, 2025 assignment.

29. No power of attorney, agency agreement, or proof of authorization from the actual note holder was attached to the February 6, 2025 assignment.

30. The February 6, 2025 assignment attempted to substitute Citadel Servicing Corporation as the new trustee under the deed of trust.

31. No separate substitution of trustee document was recorded at the time of the February 6, 2025 assignment.

32. No notice of the substitution of trustee was provided to Plaintiff.

33. No consent from the beneficiary or borrower was obtained for the substitution of trustee.

34. The February 6, 2025 assignment was recorded in the public records of Tarrant County, Texas.

35. On April 21, 2025, an assignment of the deed of trust was recorded, purporting to transfer the deed of trust from Citadel Servicing Corporation to LB-Dwelling Series VI Trust.

36. The April 21, 2025 assignment was backdated to September 4, 2024, and recorded 229 days after the purported execution date.

37. LB-Dwelling Series VI Trust is a securitization trust associated with Lehman Brothers that has been defunct and in liquidation since 2007.

38. The April 21, 2025 assignment did not include documentation of board authorization from Barclays Bank PLC, the purported trustee of LB-Dwelling Series VI Trust.

39. On September 25, 2025, an assignment of the deed of trust was recorded as Instrument No. D225179703, purporting to transfer the deed of trust from LB-Dwelling Series VI Trust to Acra Lending.

40. The September 25, 2025 assignment was backdated to September 4, 2024, and recorded 386 days after the purported execution date.

41. The September 25, 2025 assignment was signed by Sanyogita Lakhera as Authorized Signatory for Barclays Bank PLC and witnessed by Doug Tortorici.

42. The September 25, 2025 assignment was notarized by Cynthia Walshe in New York on September 4, 2026.

43. On October 17, 2025, a document titled "Removal of Trustee / Appointment of Substitute Trustee" was recorded as Instrument No. D225195590 in Tarrant County, Texas.

44. The October 17, 2025 document removed Allan B. Polunsky as trustee and appointed Auction.com, Prestige Default Services, LLC, and others as substitute trustees.

45. The October 17, 2025 document identified U.S. Bank Trust National Association, as Trustee for LB-Dwelling Series VI Trust, as the legal owner and holder of the indebtedness.

46. The October 17, 2025 document was signed by Allisen Holland, Executive Vice President of SN Servicing Corporation, as attorney in fact for U.S. Bank Trust National Association.

47. The October 17, 2025 document was notarized by T. Whitehead in Humboldt County, California.

48. No evidence was provided to Plaintiff of a valid chain of title or proper transfer of the promissory note from the original lender to any subsequent assignee.

49. No endorsement, allonge, or lost note affidavit was provided to Plaintiff at any time.

50. No proper notice of servicing transfer was provided to Plaintiff at least 15 days before the effective date of any assignment or transfer, as required by federal law.

51. Plaintiff did not receive disclosure that MERS was assigning the deed of trust to Citadel Servicing Corporation.

52. Plaintiff did not receive disclosure that the trustee was being substituted.

53. Plaintiff did not receive disclosure of the new trustee's contact information.

54. Plaintiff did not receive an opportunity to object to or question any transfer or substitution of trustee.

55. On or about September 25, 2025, three separate entities—PRPM 2024-NQM3, MFRA Trust 2015-1, and LB-Dwelling Series VI Trust—each claimed ownership of the same loan.

56. PRPM 2024-NQM3 is a 2024 vintage securitization trust that matches the characteristics of the loan and is identified in SEC filings as the legitimate owner.

57. MFRA Trust 2015-1 is a 2015 vintage securitization trust that cannot legally acquire a loan originated in 2024 due to a nine-year gap.

58. LB-Dwelling Series VI Trust is a 2006-2007 vintage trust that has been in liquidation since 2007 and cannot legally acquire a loan originated in 2024 due to a seventeen-year gap.

59. The assignments and transfers recorded in the public records created a cloud on the title to the property.

60. The recorded assignments and substitute trustee appointment were used as the basis for initiating foreclosure proceedings against the property.

61. Plaintiff did not receive a judicial determination regarding the validity of the deed of trust or the chain of assignments prior to the initiation of foreclosure proceedings.

62. Plaintiff suffered imminent harm as a result of the initiation of foreclosure proceedings based on the recorded assignments and substitute trustee appointment.

# CAUSES OF ACTION

### *Cause of Action: Illegal, Unauthorized, and Void Assignments (Including Self-Assignment)*

63. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 62, as if fully set forth herein.

64. Defendants executed and recorded assignments of the deed of trust that are illegal, unauthorized, and void under Texas law, including but not limited to assignments where the assignor and assignee are the same entity, assignments executed without authority, and assignments that violate public policy and statutory prohibitions. These assignments include a self-assignment by Citadel Servicing Corporation, which is legally impossible and void ab initio, as well as assignments executed by MERS without authority as a mere nominee, and assignments that fail to transfer the promissory note as required by law.

65. Plaintiff has standing to challenge these assignments because the defects render the assignments void, not merely voidable, and create a cloud on Plaintiff's title and threaten Plaintiff with multiple and conflicting claims to the property.

66. The self-assignment by Citadel Servicing Corporation, in which Citadel is both grantor and grantee, violates the merger doctrine and basic property law, rendering the assignment void ab initio. This self-assignment was recorded to manufacture a false paper trail and constitutes knowing and deliberate fraud.

67. The assignments executed by MERS as nominee, without proof of authority from the actual noteholder, are void because MERS, as a mere agent, lacked the power to assign the deed of trust or the note. No power of attorney or agency agreement was attached or referenced, and no proof of authorization was provided.

68. Assignments that purport to transfer only the deed of trust, without transferring the promissory note, are void under the rule of Carpenter v. Longan, as an assignment of the security instrument alone is a nullity and conveys no foreclosure authority.

69. The unauthorized substitution of trustees, without proper notice, consent, or a separate substitution document, further renders the assignments and subsequent foreclosure actions void and constitutes constructive fraud and breach of fiduciary duty.

70. As a direct and proximate result of Defendants' execution and recording of illegal, unauthorized, and void assignments, Plaintiff has suffered and continues to suffer damages,

including but not limited to loss of property rights, clouded title, litigation expenses, and the threat of wrongful foreclosure, in an amount within the jurisdictional limits of the Court.

71. Plaintiff is entitled to declaratory and injunctive relief voiding the illegal, unauthorized, and void assignments, removing the cloud on title, and enjoining any foreclosure or enforcement actions based on such assignments.

## Cause of Action: Robo Signing (Forgery and Fraudulent Document Execution)

72. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 62, as if fully set forth herein.

73. Defendants executed and recorded mortgage assignments and related documents using signatures that were not personally affixed by the purported signatories, without their knowledge, supervision, or approval, constituting robo signing and forgery under Texas Penal Code § 32.21.

74. The signatures on the assignments and related documents were made without the signatory's knowledge or approval, and Defendants failed to exercise reasonable care to ensure the authenticity of the signatures, rendering the assignments void ab initio.

75. The fraudulent signatures and robo-signed documents were used to support foreclosure authority and to cloud Plaintiff's title, causing actual damages and harm, including the loss of property rights, litigation expenses, and the threat of wrongful foreclosure.

76. Plaintiff is entitled to statutory damages, actual damages, and injunctive relief voiding the robo-signed assignments and preventing any foreclosure or enforcement actions based on such documents.

## Cause of Action: MERS Dual-Role Void Ab Initio Defect

77. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 62, as if fully set forth herein.

78. The original deed of trust recorded on September 5, 2024, designates MERS as both "nominee for lender" and "beneficiary under this Security Instrument," which is a legal impossibility under trust and agency law, rendering the instrument void ab initio.

79. A party cannot simultaneously be an agent (nominee) and a principal (beneficiary), and the merger of these roles defeats both the agency and trust relationships, extinguishing the security interest and making the deed of trust unenforceable from inception.

80. Federal courts and state courts have rejected MERS's claim to be a beneficiary, finding that MERS holds no ownership rights in the note and that its designation as beneficiary is a legal fiction.

81. The contradictory MERS designation violates federal disclosure laws, including the Truth in Lending Act (TILA) and Real Estate Settlement Procedures Act (RESPA), by failing to provide clear and accurate disclosure of the true beneficial owner of the loan.

82. As a direct and proximate result of the void ab initio defect, all subsequent assignments, substitutions, and foreclosure actions based on the original deed of trust are themselves void, and Plaintiff has suffered damages including clouded title, litigation expenses, and the threat of wrongful foreclosure.

83. Plaintiff is entitled to declaratory and injunctive relief voiding the original deed of trust and all subsequent actions based on it, removing the cloud on title, and enjoining any foreclosure or enforcement actions.

## Cause of Action: Violations of TILA, RESPA, and FDCPA

84. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 62, as if fully set forth herein.

85. Defendants are creditors, servicers, and debt collectors subject to the Truth in Lending Act (TILA), Real Estate Settlement Procedures Act (RESPA), and Fair Debt Collection Practices Act (FDCPA), and failed to comply with the disclosure, notice, and debt collection requirements of these statutes.

86. Defendants failed to provide proper servicing transfer notices as required by RESPA, made false ownership disclosures regarding the loan in violation of TILA, and made false representations of debt ownership in violation of the FDCPA.

87. Plaintiff is a consumer affected by these violations, and the claims are timely filed within the applicable statutes of limitations.

88. As a direct and proximate result of Defendants' violations of TILA, RESPA, and FDCPA, Plaintiff has suffered actual damages, statutory damages, attorney fees, and the threat of wrongful foreclosure, in an amount within the jurisdictional limits of the Court.

89. Plaintiff is entitled to statutory damages, actual damages, attorney fees, and injunctive relief under TILA, RESPA, and FDCPA.

## Cause of Action: Civil and Criminal Fraud

90. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 62, as if fully set forth herein.

91. Defendants made material, actionable misrepresentations in the execution and recording of assignments, substitutions, and foreclosure documents, including false statements of authority, ownership, and compliance with legal requirements, with knowledge of their falsity or reckless disregard for the truth.

92. Defendants intended to induce reliance on these false representations to facilitate foreclosure, cloud Plaintiff's title, and deprive Plaintiff of property rights.

93. Plaintiff actually and justifiably relied on Defendants' false representations, resulting in injury including loss of property rights, clouded title, litigation expenses, and the threat of wrongful foreclosure.

94. Defendants' conduct also constitutes criminal fraud under Texas Penal Code §§ 32.21, 32.46, and 37.10, including forgery, securing execution of documents by deception, and tampering with governmental records, as well as federal mail and wire fraud statutes.

95. As a direct and proximate result of Defendants' civil and criminal fraud, Plaintiff has suffered actual damages, punitive damages, and is entitled to exemplary damages and attorney fees.

### *Cause of Action: Texas and Federal RICO*

96. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 62, as if fully set forth herein.

97. Defendants, as persons, engaged in a pattern of racketeering activity connected to the acquisition, establishment, conduct, or control of an enterprise, including but not limited to mail fraud, wire fraud, securities fraud, and document fabrication, in violation of 18 U.S.C. § 1962.

98. Defendants' conduct constitutes a pattern of racketeering activity, including at least two predicate acts within ten years, and demonstrates both relatedness and a threat of continued criminal activity.

99. Defendants' racketeering activity caused injury to Plaintiff's business or property, including loss of property rights, clouded title, litigation expenses, and the threat of wrongful foreclosure.

100. Plaintiff is entitled to treble damages, attorney fees, and injunctive relief under 18 U.S.C. § 1964(c).

### *Cause of Action: Due Process Deprivation*

101. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 62, as if fully set forth herein.

102. Plaintiff has a protected property interest in the subject property, and Defendants, acting under color of state law or in concert with state actors, deprived Plaintiff of this interest without due process of law by seeking to foreclose based on void and fraudulent instruments.

103. The deprivation occurred without adequate notice, opportunity to be heard, or judicial determination of the validity of the underlying instruments, in violation of Plaintiff's constitutional rights.

104. As a direct and proximate result, Plaintiff has suffered actual damages, including loss of property rights, clouded title, litigation expenses, and the threat of wrongful foreclosure, and is entitled to injunctive and declaratory relief, as well as attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TRX Dynasty Express Trust respectfully requests that this Court:

1. Declare that the original deed of trust recorded on September 5, 2024, as Instrument No. D224159110 in the Official Public Records of Tarrant County, Texas, is void ab initio due to the fatal legal defect of designating Mortgage Electronic Registration Systems, Inc. as both nominee and beneficiary, and that all subsequent assignments, substitutions, and foreclosure actions based on this instrument are likewise void and of no legal effect.

2. Declare that the assignment of deed of trust recorded on February 6, 2025, as Instrument No. D225020216, and any self-assignment or assignment in which Citadel Servicing Corporation is both grantor and grantee, is void ab initio and of no legal effect under Texas law.

3. Declare that all subsequent assignments, including but not limited to those recorded on April 21, 2025, and September 25, 2025, and any substitute trustee appointments or foreclosure actions based on such assignments, are void and of no legal effect.

4. Enjoin Prestige Default Services, LLC, Barclays Bank PLC, Wilmington Trust, N.A., Meridian Asset Services, LLC, ServiceMac LLC, Resolve Trustee Services L.L.C., Auction.com and Individual Auctioneers, and all persons acting in concert with them, from initiating, continuing, or completing any foreclosure, sale, or enforcement action with respect to the property located at 5981 Hudson Sail Circle, Fort Worth, Texas 76179, based on any void or fraudulent instrument or assignment.

5. Remove the cloud on title to the property located at 5981 Hudson Sail Circle, Fort Worth, Texas 76179, and quiet title in favor of Plaintiff TRX Dynasty Express Trust, free and clear of any claim, lien, or encumbrance arising from or based on the void deed of trust, void assignments, or any related fraudulent instruments.

6. Award Plaintiff TRX Dynasty Express Trust actual damages in an amount to be determined at trial, including but not limited to loss of property rights, impairment of title, litigation expenses, and all other damages proximately caused by the acts and omissions of Prestige Default Services, LLC, Barclays Bank PLC, Wilmington Trust, N.A., Meridian Asset Services, LLC, ServiceMac LLC, Resolve Trustee Services L.L.C., and Auction.com and Individual Auctioneers.

7. Award Plaintiff TRX Dynasty Express Trust statutory damages as provided by the Truth in Lending Act (TILA), Real Estate Settlement Procedures Act (RESPA), and Fair Debt Collection Practices Act (FDCPA), including but not limited to statutory damages for each violation, as well as treble damages under the Texas Deceptive Trade Practices Act (DTPA) and the federal and Texas RICO statutes, as applicable.

8. Award Plaintiff TRX Dynasty Express Trust exemplary and punitive damages against Prestige Default Services, LLC, Barclays Bank PLC, Wilmington Trust, N.A., Meridian Asset Services, LLC, ServiceMac LLC, Resolve Trustee Services L.L.C., and Auction.com and Individual Auctioneers, for knowing, willful, and malicious conduct, in an amount to be determined at trial.

9. Award Plaintiff TRX Dynasty Express Trust reasonable and necessary attorneys' fees, expert witness fees, and costs of suit, as authorized by TILA, RESPA, FDCPA, DTPA, RICO, and other applicable statutes.

10. Award Plaintiff TRX Dynasty Express Trust prejudgment and post-judgment interest at the maximum rate allowed by law.

11. Grant such other and further relief, at law or in equity, to which Plaintiff TRX Dynasty Express Trust may be justly entitled.

Respectfully submitted,

By: *Zaimick T Milhouse*
*Power of Attorney / Authorized Representative*
*ABA #05737194*
*5981 Hudson Sail Circle,*
*Fort Worth, Tarrant County, Texas 76179*
*E-mail*
*ceo@GlobalCommunicationsEnt.com*
*Tel.*
*346-740-8033*
POWER OF ATTORNEY IN CHARGE FOR
TRX Dynasty Express Trust,
*Zaimick Milhouse*

## DECLARATION UNDER PENALTY OF PERJURY

"I *declare* under penalty of perjury under the laws of the United States of America that the foregoing is true and correct."

EXECUTED on December 19, 2025.

*Zaimick T Milhouse*
Zaimick Milhouse