IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **TRX DYNASTY EXPRESS TRUST,** § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. 4:25-cv-01458-O-BP |
| § | |
| **PRESTIGE DEFAULT SERVICES,** § *et al.*, § § | |
| Defendants. § | |

## ORDER AND NOTICE OF DEFICIENCY

Plaintiff Zaimick Milhouse, proceeding *pro se*, filed this civil action on December 29, 2025. Plaintiff Milhouse signed the complaint only as "power of attorney in charge for" the trust. ECF No. 1.

In federal court, "parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. Although individuals have the right to represent themselves or proceed *pro se* under this statute, "individuals who do not have a law license may not represent other parties in federal court even on a next friend basis." *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir.1978); *see also Guajardo v. Luna*, 432 F.2d 1324 (5th Cir.1970) (holding that only licensed lawyers may represent others in federal court). It is well-established that corporations are fictional legal persons who can only be represented by licensed counsel. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993); *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (citing *Rowland*, 506 U.S. at 202, and *Donovan v. Rd. Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984)); *Sw. Express Co., Inc. v. Interstate Com. Comm'n*, 670 F.2d 53, 54-56 (5th Cir. 1982). "This is so even when the person seeking to represent the corporation is its president and major stockholder." *In re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. 1981) (citation omitted). When a

corporation declines to hire counsel to represent it, the court may dismiss its claims if it is a plaintiff or strike its defenses if it is a defendant. *See Donovan*, 736 F.2d at 1005.

"The rationale for prohibiting *pro se* corporate representation also extends to trusts." *United States v. Dolenz*, 3:09-cv-13110-O, 2010 WL 428910, at *1 (N.D. Tex. Feb. 2, 2010) (citing *Retired Persons Fin. Serv. Clients Restitution Tr. v. U.S. Att'y for the N. Dist of Tex.*, No. 3-03-cv-2658-D, 2004 WL 937170 at *1 (N.D. Tex. Apr. 29, 2004) (collecting cases); *see also Dillard Fam. Tr. v. Chase Home Fin., LLC*, 3:11-cv-1740-L, 2011 WL 6747416, *5 (N.D. Tex. Dec. 23, 2011) (citations omitted) ("[A] non-attorney trustee may not represent a trust *pro se*.").

Because it does not appear that individual plaintiff Milhouse is licensed to practice law, he may not represent the trust in this action without legal representation. He must retain legal counsel for this action to proceed on the trust's behalf. To the extent that the individual plaintiff seeks to assert his own individual claims against the defendants, he may file an amended complaint that only asserts his personal claims.

If counsel has not entered an appearance on behalf of the trust, or if the individual plaintiff does not file an amended complaint asserting only his own claims, **on or before January 23, 2026**, the undersigned will recommend that the case be dismissed for failure to prosecute or to obey a court order. *See* Fed. R. Civ. P. 41(b). *See Hickerson v. Christian*, 283 F. App'x 251, 253 (5th Cir. 2008) (A district court may sua sponte dismiss an action for failure to prosecute under Rule 41(b)); *see also Link v. Wabash R. Co.*, 370 U.S. 626 (1962) (a court may dismiss for lack of prosecution under its inherent authority).

It is so **ORDERED** on January 2, 2026.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE