IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **TRX DYNASTY EXPRESS TRUST,** § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. 4:25-cv-01458-O-BP |
| § | |
| **PRESTIGE DEFAULT SERVICES,** § *et al.*, § § | |
| Defendants. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Complaint in this case, purportedly filed *pro se* by the "representative and trustees" of a trust. Because Plaintiff cannot proceed *pro se* on behalf of the trust he purports to represent, and because Plaintiff has not complied with a Court Order requiring him to correct this legal deficiency, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **DISMISS** this case **without prejudice**.

On December 29, 2025, the *pro se* Plaintiff, Zaimick Milhouse, filed this civil action in his capacity as "power of attorney in charge" of TRX Dynasty Express Trust (the "Trust"). ECF No. 1 at 1. Because "a non-attorney trustee may not represent a trust *pro se*," *Dillard Fam. Tr. v. Chase Home Fin., LLC*, No. 3:11-cv-1740-L, 2011 WL 6747416, at *5 (N.D. Tex. Dec. 23, 2011), the Court entered a Notice of Deficiency and Order ("NOD") directing Milhouse to either: (a) retain legal counsel to represent the Trust; or (b) file an amended complaint that asserts only his personal claims. ECF No. 4 at 2. The Court warned Milhouse that if he did not do so by January 23, 2026, his case would be subject to dismissal under Federal Rule of Civil Procedure 41(b).

Rule 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow court orders. *See* Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.

1988). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962)). The dismissal may be made with or without prejudice. *See* Fed. R. Civ. P. 41(b). However, a dismissal with prejudice is an extreme sanction that should be employed only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996).

In lieu of retaining counsel for the Trust or filing an amended complaint, Milhouse filed a First Amended Complaint. ECF No. 8. But this filing does not comply or purport to comply with the Court's NOD. The First Amended Complaint continues to present the claims of the trust, "by and through its Representative and Trustees" and continues to show that Milhouse is proceeding "By: Power of Attorney/Authorized Representative." Id. at 1, 6. Milhouse cannot legally present the claims of the trust *pro se* as its "representative and trustee." *Dillard Fam. Tr.*, No. 3:11-cv-1740-L, 2011 WL 6747416, at *5 (N.D. Tex. Dec. 23, 2011). Moreover, the First Amended Complaint does not assert only Milhouse's potential claims filed in his individual capacity.

As the deadline to comply with the Court's NOD has passed, Milhouse's case is subject to dismissal under Rule 41(b). But because the record does not reflect his non-compliance results from purposeful delay or contumaciousness, the Court should dismiss his case without prejudice.

Accordingly, the undersigned **RECOMMENDS** that Chief Judge O'Connor **DISMISS** this case **without prejudice** under Rule 41(b) for failure to prosecute the case or obey a court order.

A copy of these findings, conclusions, and recommendation shall be served on all parties

in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on March 2, 2026.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE